# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PAPPAS RESTAURANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. |
| v. | ) ) | Jury Trial Demanded |
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff Pappas Restaurants, Inc. ("Pappas") hereby files this Complaint against Great American Insurance Company ("Great American") as follows:

### Nature of the Action

1. This is an insurance coverage action brought by an insured (Pappas) against an insurer (Great American) under an Excess Liability Policy. This case arises out of Great American's refusal to acknowledge coverage for all reasonable and necessary costs and judgments that Pappas might become legally obligated to pay in a personal injury action, which fall squarely within the Excess Liability

Policy. Pappas seeks a declaratory judgment that coverage exists for the personal injury action under the Excess Liability Policy that Great American issued to Pappas.

## Parties

2. Pappas is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas.

3. Great American is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. Great American does business in the State of Texas as a licensed and eligible insurer.

## Jurisdiction and Venue

4. The amount in controversy in this matter exceeds the sum of $75,000 exclusive of interests and costs, and there is complete diversity of citizenship among the parties. Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Great American is authorized to conduct business in Texas and does regularly conduct business in this District and because all or a substantial part of the events and omissions giving rise to this suit occurred in this District.

## General Allegations

### The Personal Injury Action

6. Pappas is a family owned and operated company that owns and operates 100 restaurants in eight states.

7. Among the restaurants owned and operated by Pappas are two restaurants in Marietta, Georgia: Pappadeaux Seafood Kitchen and Pappasito's Cantina.

8. On October 7, 2016, Anthony Welch and Cynthia Welch were shot during a robbery in the shared parking lot of the Marietta, Georgia Pappadeaux Seafood Kitchen and Pappasito's Cantina. Anthony Welch succumbed to his injuries, but Cynthia Welch survived.

9. On December 21, 2017, Cynthia Welch filed an action against Pappas and others in the State Court of Gwinnett County, Georgia, seeking to recover damages for both her injuries and for the wrongful death of her husband ("Personal Injury Action").

10. Pappas promptly provided notice of the shooting and the litigation to both its primary insurer, Travelers Property Casualty Company of America ("Travelers"), and its umbrella insurer, Liberty Insurance Corporation ("Liberty").

11. Travelers immediately provided, and continues to provide, a defense to Pappas in the Personal Injury Action and undertook an investigation of the claims set forth therein.

12. Neither Travelers nor Liberty have disputed coverage for the Personal Injury Action.

13. The Personal Injury Action remains pending at this time and has neither settled nor proceeded to trial.

**The Excess Liability Policy**

14. Great American issued Excess Liability Policy No. TUE 4799520 00 to Pappas for the policy period of November 1, 2015 to November 1, 2016 (the "Excess Policy").

15. The Excess Policy was delivered to Pappas at its principal place of business in Houston, Texas.

16. At all times material hereto, Pappas was an insured under the Excess Policy.

17. Pappas provided notice of the Personal Injury Action to Great American on February 4, 2021.

18. In a reservation of rights letter from its counsel dated February 19, 2021, Great American identified several defenses that it contends may limit or preclude coverage for the Personal Injury Action.

19. In particular, Great American's February 19, 2021 reservation of rights letter contends that: (i) Pappas may have breached the notice condition of the Excess Policy; and (ii) the "expected or intended injury exclusion" may bar coverage.

20. To date, Great American has not agreed to provide coverage, up to its policy limits, for all reasonable and necessary costs and judgments that Pappas may become legally obligated to pay in the Personal Injury Action.

21. Great American's reservation of rights and failure to acknowledge coverage has placed Pappas in a position of uncertainty, with Pappas not knowing whether it has excess coverage for any judgement which may result from the Personal Injury Action.

## Count I
## Declaratory Judgment

22. Pappas hereby incorporates by reference the allegations set forth in Paragraphs 1 through 21 above.

23. This is an action for declaratory relief against Great American pursuant to 28 U.S.C. § 2201, requesting that this Court declare the rights of Pappas relative to the Excess Policy.

24. Great American is contractually obligated to indemnify Pappas, up to its policy limits, for all reasonable and necessary costs and judgments that Pappas becomes legally obligated to pay in the Personal Injury Action.

25. Because Great American has failed to acknowledge its coverage obligation, there exists an actual and justiciable controversy between it and Pappas, entitling Pappas to a declaration of rights and further relief.

26. A declaration of Pappas's rights would alleviate much of the uncertainty facing Pappas with respect to whether it will have insurance coverage for any amounts that it becomes legally obligated to pay in the Personal Injury Action.

27. Pappas has fulfilled its contractual obligations under the Excess Policy, including the notice requirement in the policy, and has satisfied all conditions under the policy.

28. While Great American's February 19, 2021 reservation of rights letter claims that, among other issues, Pappas may have violated the notice provision of the Excess Policy, Texas law prevents Great American from relying on this defense unless Great American suffered prejudice as a result of Pappas's alleged delay in notice. *See PAJ, Inc. v. Hanover Ins. Co.,* 243 S.W.3d 630 (Tex. 2008) ("We hold that an insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay.").

29. Great American has suffered no harm or prejudice by the alleged delay in notice of the Personal Injury Action.

30. Pappas seeks a declaration that Great American cannot disclaim coverage under the Excess Policy for the Personal Injury Action on the basis of the alleged delay in notice.

31. Pappas seeks a declaration that the "expected or intended" exclusion in the Excess Policy does not bar coverage for the Personal Injury Action.

32. An actual and justiciable controversy exists between Pappas and Great American regarding the obligations of Great American under the Excess Policy for the Personal Injury Action, and a judicial declaration is necessary to determine Great American's duties under the Excess Policy.

## PRAYER FOR RELIEF

WHEREFORE, Pappas respectfully requests that the Court enter judgment in its favor and against Great American as follows:

a. This Court maintains jurisdiction over the parties;

b. This Court maintains jurisdiction over the subject matter;

c. A declaration that:

   i. Great American cannot disclaim coverage under the Excess Policy for the Personal Injury Action on the basis of the alleged delay in notice; and

   ii. the "expected or intended" exclusion in the Excess Policy does not bar coverage for the Personal Injury Action;

d. Awarding Pappas the attorneys' fees and costs that it incurred in prosecuting this action; and

e. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pappas demands a jury trial on all issues and counts so triable.

Respectfully submitted this 8th day of March, 2021.

FELLOWS LABRIOLA LLP

/s/Ethan M. Knott
Ethan M. Knott
eknott@fellab.com
Texas Bar No. 24099867
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

**ATTORNEY-IN-CHARGE FOR PLAINTIFF PAPPAS RESTAURANTS INC.**
